UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OMAR RUEDA-DENVERS, | Case No. 3:25-cv-00109-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITENBACH, *et al.*, | |
| Respondents. | |

    Omar Rueda-Denvers submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1-1.) He has now filed a complete application to proceed *in forma pauperis*, which is granted. (ECF No. 4.) The Court reviewed the petition pursuant to Habeas Rule 4 and directs that it be served on Respondents.

    A petition for federal habeas corpus should include all claims for relief of which Rueda-Denvers is aware. If Rueda-Denvers fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b). If Rueda-Denvers is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

    Rueda-Denvers also submitted a motion for appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* at § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the

complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Here, a jury convicted Rueda-Denvers of first-degree murder, and he was sentenced to life in prison without the possibility of parole. At least some of the legal issues he seeks to raise may be complex. In order to ensure due process, the Court grants the motion.

It is therefore ordered that Rueda-Denvers's application to proceed *in forma pauperis* (ECF No. 4) is granted.

It is further ordered that Rueda-Denvers's first incomplete application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that the Clerk of Court detach, file, and electronically serve the petition (ECF No. 1-1) on Respondents.

It is further ordered that that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

It is further ordered that the Clerk detach and file Rueda-Denvers's motion for counsel (ECF No. 1-2).

It is further ordered that the motion for counsel is granted.

It is further ordered that the Federal Public Defender for the District of Nevada is appointed to represent Rueda-Denvers.

It is further ordered that the Clerk electronically serve the Federal Public Defender for the District of Nevada a copy of this order, together with a copy of the petition for writ of habeas corpus. (ECF No. 1-1.) The Federal Public Defender for the District of Nevada has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Rueda-Denvers in these proceedings.

1
2
3
    It is further ordered that after counsel has appeared for Rueda-Denvers in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

4
    DATED THIS 18th Day of April 2025.

5
6
7
_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3