UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OMAR RUEDA-DENVERS,<br><br>                Petitioner,<br>v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>                Respondents. | Case No. 3:25-cv-00109-MMD-CLB<br><br>ORDER |

      The Court appointed the Federal Public Defender ("FPD") as counsel for Omar Rueda-Denvers in his petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 21, 2025. (ECF No. 5.) The FPD entered a notice of appearance and filed a motion for leave to file a protective petition on April 24, 2025. (ECF Nos. 8, 9.) Counsel for Rueda-Denvers explains that he has tentatively calculated the federal statute of limitations under 28 U.S.C. § 2244(d) as expiring on or about April 25, 2025. So he seeks leave to file a first amended petition as a protective petition to preserve all potential claims that he has identified so far. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires." Rule 15 reflects a "policy of favoring amendments to pleadings," and courts should apply that policy "with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In deciding whether to grant leave, a court may consider any "bad faith," "undue delay," or previous amendments on the part of the petitioner; any potential "prejudice to the opposing party"; and the potential "futility" of the amended pleading. *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004).

      Counsel has also filed a motion for a scheduling order for filing a second amended petition, after counsel has an opportunity to thoroughly review and investigate Rueda-Denvers' claims. (ECF No. 10.) Respondents have indicated that they do not oppose

either motion. (ECF Nos. 12, 13.)[1] The Court finds that Rueda-Denvers has filed a protective petition in good faith and that justice is best served by granting leave to amend.

It is therefore ordered that Rueda-Denvers' motion for leave to file an amended petition (ECF No. 9) is granted. The Clerk of Court is directed to detach and file the amended petition (ECF No. 9-1).

It is further ordered that Rueda-Denvers' motion for scheduling order (ECF No. 10) is granted.

It is further ordered that counsel for Rueda-Denvers meet with Petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with Petitioner, as fully as possible, the potential grounds for habeas corpus relief in Petitioner's case; and (c) advise Petitioner that all possible grounds for habeas corpus relief must be raised at this time and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

It is further ordered that counsel for Rueda-Denvers file an amended petition for writ of habeas corpus within 90 days that includes all known grounds for relief (both exhausted and unexhausted). Respondents have 45 days after the filing of the amended petition within which to answer, or otherwise respond to, the amended petition. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatim fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural

---

[1]Respondents note that their non-opposition is not a concession to the truth of any statements or the merit of any statements. (ECF No. 12 at 1.)

defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Rueda-Denvers has 30 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

It is further ordered that the parties send courtesy copies of all pleadings and indices of exhibits only to the Reno Division of this Court, Att: Staff Attorney, 400 S. Virginia St., Reno, NV, 89501.

DATED THIS 13th Day of May 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE